**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| Plaintiff, | ) | **MOTION FOR RECONSIDERATION** |
| | ) | |
| vs. | ) | |
| | ) | Case No.  1:06-cr-018 |
| Vidal Rivera-Rocha, | ) | |
| | ) | |
| Defendant. | ) | |

On March 9, 2006, the defendant, Vidal Rivera-Rocha, filed a "Motion for Bill of Particulars with Expedited Determination." See Docket No. 23.  Rivera-Rocha sought additional information concerning a two-count indictment charging him with possession with intent to distribute a controlled substance and conspiracy to possess with intent to distribute a controlled substance. See Docket No. 16.

On March 28, 2006, the Court denied Rivera-Rocha's motion finding that the indictment in question was legally sufficient. See Docket No. 26; United States v. Fleming, 8 F.3d 1264, 1265 (8th Cir. 1993) (citing United States v. Young, 618 F.2d 1281, 1286 (8th Cir.), cert. denied, 449 U.S. 844 (1980)) ("An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.").  Under the circumstances, a bill of particulars would serve primarily as a tool of discovery. See United States v. Hester, 917 F.2d 1083, 1084 (8th Cir. 1990) (citing United States v. Hill, 589 F.2d 1344, 1353 (8th Cir.), cert denied, 442 U.S. 919 (1979)) (prohibiting the use of a bill of particulars for such a purpose).

On April 4, 2006, Rivera-Rocha filed a "Motion for Reconsideration of Order Denying

Defendant's Motion for Bill of Particulars." In the motion, Rivera-Rocha merely reargues his previous motion for bill of particulars. Rivera-Rocha again stresses that the motion was not filed for discovery purposes, but filed as an attempt to minimize the element of surprise at trial. The Government has filed a response opposing the motion. See Docket No. 42.

Having carefully reviewed the record, the Court finds no basis for modifying its previous order denying Rivera-Rocha's Motion for Bill of Particulars. The indictment in question contains all of the essential elements of the crimes charged, fairly informs Rivera-Rocha of the charges he must defend, and alleges sufficient information to allow Rivera-Rocha to plead a conviction or acquittal as a bar to a subsequent prosecution. Having done so, the indictment satisfies both Rule 7(c)(1) of the Federal Rules of Criminal Procedure, and the Eighth Circuit's stated requirements. Thus, a bill of particulars is unwarranted. The Defendant's Motion for Reconsideration of Order Denying Defendant's Motion for Bill of Particulars is **DENIED** (Docket No. 29).

**IT IS SO ORDERED**.

Dated this 19th day of April, 2006.

/s/ Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court