**IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| Plaintiff, | ) | **MOTION FOR SEVERANCE** |
| | ) | |
| vs. | ) | Case No. 1:06-cr-018 |
| | ) | |
| Vidal Rivera-Rocha, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the Defendant's "Motion for Severance from Prejudicial Joinder," filed on April 4, 2006. The defendant, Vidal Rivera-Rocha requests that the Court sever his trial from that of his co-defendant, Ernesto Torres-Monje. The Government resists asserting that severance is not appropriate. For the reasons set forth below, the Court denies the motion.

I.   **BACKGROUND**

On January 19, 2006, defendants Torres-Monje and Rivera-Rocha were charged in a complaint with possession with intent to distribute approximately 500 grams of methamphetamine. On January 24, 2006, Magistrate Judge Charles S. Miller, Jr. held a Preliminary Hearing and found that probable cause existed as to the charges brought against Rivera-Rocha. At the hearing, DEA Agent Dan Ortega testified that during the transportation of the defendants from one jail facility to another, Torres-Monje told Agent Ortega that he (Torres-Monje) took responsibility for everything and that Rivera-Rocha did not know about the drugs. See Transcript of Preliminary Hearing, p. 68, lines 13-25 and p. 69, lines 1-15 (Docket No. 34). On February 15, 2006, Torres-Monje and Rivera-Rocha were charged in a two-count Indictment with (1) possession with intent to distribute a controlled substance and (2) conspiracy to possess with intent to distribute a controlled substance.

**II.     LEGAL DISCUSSION**

When a defendant moves for severance, a district court must first determine whether joinder is proper under Rule 8 of the Federal Rules of Criminal Procedure. Rivera-Rocha has not alleged that the offenses were improperly joined under Rule 8(a) of the Federal Rules of Criminal Procedure. Thus, the Court will not engage in a discussion of the propriety of joinder of these offenses. It is well-established that where the defendants are alleged to have be engaged in a conspiracy, joinder is appropriate. United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir. 1996). Rule 14(a) of the Federal Rules of Criminal Procedure provides relief from prejudicial joinder of offenses as follows:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

A severance under Rule 14 should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 538 (1993). However, a defendant is "not entitled to severance merely because they may have a better chance of acquittal in separate trials." Id. As a general rule, persons charged with a conspiracy will be tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts. United States v. Foote, 920 F.2d 1395, 1398 (8th Cir. 1990) (citing United States v. O'Meara, 895 F.2d 1216, 1218 (8th Cir.) cert. denied, 498 U.S. 943 (1990)). It is well-established that a defendant can demonstrate real prejudice to his right to a fair trial by showing (a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants. United States v. Washington, 318 F.3d 845, 858

(8th Cir. 2003). The risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions. United States v. Mickelson, 378 F.3d 810, 818 (8th Cir. 2004). The defendant has the burden to establish that severance is warranted and necessary. Bear Stops v. United States, 204 F. Supp.2d 1209, 1215-1216 (D. S.D. 2002).

Rivera-Rocha asserts severance is proper for two reasons. First, Rivera-Rocha asserts that without separate trials, he will be deprived of access to Torres-Monje's statements, which River-Rocha contends are exculpatory. In his affidavit, Rivera-Rocha stated, in part:

> Based upon information and belief, co-defendant Ernesto Torres-Monje will testify at trial that I am not at fault and did not know anything about the drugs in his car.
>
> This exculpatory evidence by Torres-Monje is vital to my case in chief and its importance cannot be understated.
>
> I request the Court sever my case to prevent the joint trial set for Tuesday, May 2, 2006, because Torres-Monje could change his mind regarding testifying in a joint trial and this would impinge on my Fifth and Sixth Amendment trial rights.

See Affidavit of Vidal Rivera-Rocha (Docket No. 35). Rivera-Rocha also asserts that because he believes the bulk of evidence is against Torres-Monje, a jury may convict him simply because of his association with Torres-Monje.

The Government opposes severance. The Government asserts that Rivera-Rocha has failed to established a likelihood that Torres-Monje would testify at trial on Rivera-Rocha's behalf, and the fact the evidence may be stronger against one defendant than against another is not grounds for severance.

### A.   CO-DEFENDANT'S TESTIMONY

Rivera-Rocha asserts that severance is proper because without a separate trial, Rivera-Rocha will be deprived of access to Torres-Monje's statements, which Rivera-Rocha contends are exculpatory. The Government contends that River-Rocha has failed to establish a likelihood that Torres-Monje would testify at trial and that the testimony would be exculpatory.

A district court is not required to grant severance simply because a defendant claims the need for a separate trial in order to call a co-defendant as a witness. United States v. Blaylock, 421 F.3d 758, 766 (8th Cir. 2005). Rather, a defendant must establish the likelihood that the co-defendant actually would have testified and that the testimony would have been exculpatory. United States v. Blaylock, 421 F.3d 758, 766 (8th Cir. 2005). "To be substantially exculpatory, the testimony must 'do more than merely tend to contradict a few details of the government's case'" United States v. Darden, 70 F.3d 1507, 1527 (8th Cir. 1995) (quoting United States v. Oakie, 12 F.3d 1436, 1441 (8th Cir. 1993)). A bald assertion by one defendant that a co-defendant will testify as to his innocence is insufficient to show the testimony will be sufficiently exculpatory to warrant severance. United States v. Vue, 13 F. 3d 1206, 1210 (8th Cir. 1994).

In support of his assertion that Torres-Monje would testify at trial, Rivera-Rocha has only provided his own affidavit. It is clear in the Eighth Circuit that such evidence is insufficient to establish the likelihood that a co-defendant will testify. See United States v. Vue, 13 F.3d 1206 (8th Cir. 1994)(the bald assertion by one defendant is insufficient to support request for severance); but see United States v. Foote, 920 F.2d 1394, 1397 (8th Cir. 1990) (an affidavit from a co-defendant showing his willingness to testify on behalf of another co-defendant is sufficient to show that the

co-defendant would actually testify at trial). The Court expressly finds that Rivera-Rocha has failed to establish that Torres-Monje actually would testify at a separate trial.

### B. WEIGHT OF EVIDENCE

A defendant can demonstrate prejudice by showing that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants because of a prejudicial spillover effect. United States v. Hively, 437 F.3d 752, 765 (8th Cir. 2006). "Severance is never warranted simply because the evidence against one defendant is more damaging than that against another, even if the likelihood of the latter's acquittal is thereby decreased." United States v. Hively, 437 F.3d 752, 765 (8th Cir. 2006) (quotations and citations omitted); see United States v. Mathison, 157 F.3d 541, 546 (8th Cir. 1998). A defendant must make a "specific showing that a jury could not reasonably be expected to compartmentalize the evidence." United States v. Hively, 437 F.3d 752, 765 (8th Cir. 2006). In assessing the jury's ability to compartmentalize the evidence against joint defendants, the court should give consideration to the complexity of the case and the adequacy of the jury instructions, along with admonitions to be given to the jury. United States v. Frank, 354 F.3d 910, 920 (8th Cir. 2004).

Rivera-Rocha asserts that the vast majority of the evidence is against Torres-Monje. As a result, he argues that a jury would be unable to compartmentalize this evidence and the spillover effect would make it impossible for him to receive a fair trial. The Government responds by asserting that even though the evidence may be stronger against one defendant than against another, that is not, by itself, grounds for severance.

Rivera-Rocha overlooks the fact that in a conspiracy, each defendant may be held accountable for the actions taken by other defendants in furtherance of the conspiracy, and thus the evidence to be offered at trial relating to the activities of Torres-Monje, regardless of whether Rivera-Rocha directly participated in those activities, would likely be admissible against Rivera-Rocha in a separate trial.  See United States v. Darden, 70 F.3d 1507, 1527 (8th Cir. 1995).  Further, this case is not unusually complex.  It involves only two defendants.  The charge of possession with intent to distribute is specific to one instance (January 17, 2006), and the charge of conspiracy involves a nineteen-day period.  The Court routinely gives jury instructions in conspiracy cases to minimize any potential spillover effect.  The Court finds that Rivera-Rocha has failed to establish that the jury will be unable to compartmentalize the evidence, or that he will be prejudiced by a joint trial with co-defendant Torres-Monje.

### III.    CONCLUSION

The Court finds that Rivera-Rocha has not shown that he will be prejudiced by the joinder of his trial with that of co-defendant Torres-Monje.  The Court **DENIES** the Defendant's Motion for Severance from Prejudicial Joinder.  (Docket No. 33).

**IT IS SO ORDERED.**

Dated this 8th day of May, 2006.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court